UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL SOTO-RODRIGUEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>　　　　　　　Respondent. | Case No. C15-123-JLR-BAT<br><br>**REPORT AND RECOMMENDATON** |

Proceeding *pro se* and *in forma pauperis*, Joel Soto-Rodriguez filed a habeas corpus petition under 28 U.S.C. § 2241, seeking supervised release from immigration detention or a bond hearing. Dkt. 8 at 2. Respondent has moved to dismiss, arguing that Mr. Soto-Rodriguez's detention is lawful and that he is not entitled to a bond hearing before an Immigration Judge ("IJ") because he has already received three such hearings. *See* Dkt. 10. Mr. Soto-Rodriguez did not file a response. After the motion to dismiss was ripe for the Court's consideration, Mr. Soto-Rodriguez was released from immigration detention on an order of supervision. Dkts. 14 & 15. Respondent thus maintains that this action is now moot. Dkt. 14. As discussed below, the Court recommends that respondent's motion to dismiss be **GRANTED**, Mr. Soto-Rodriguez's habeas petition be **DENIED**, and this action be **DISMISSED**.

REPORT AND RECOMMENDATON- 1

## BACKGROUND

Mr. Soto-Rodriguez is a native and citizen of El Salvador who entered the United States in 1993, as a legal permanent resident. Dkt. 11-9 at 44. In 2008, he was convicted of Manslaughter in the First Degree and Tampering with a Witness. Dkts. 11-1 at 13, 11-2 at 2-3, 11-9 at 46. On September 26, 2012, he was transferred from state custody to the custody of U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 11-2 at 11-12; *see also* Dkt. 11-3 at 2-3.

Once Mr. Soto-Rodriguez was in federal custody, the Department of Homeland Security ("DHS") initiated removal proceedings against him. Dkt. 11-3 at 5. ICE also made an initial custody decision to continue Mr. Soto-Rodriguez's detention based on the mandatory detention provisions of 8 U.S.C. § 1226(c). *Id.* at 8. On September 18, 2013, Mr. Soto-Rodriguez received a bond hearing before an IJ, who denied bond. Dkt. 11-4 at 10. On November 14, 2013, an IJ ordered Mr. Soto-Rodriguez removed to El Salvador. Dkt. 11-5 at 2-28. He appealed the removal order to the Board of Immigration Appeals ("BIA"). *Id.* at 30-32.

On March 18, 2014, while his appeal was pending, Mr. Soto-Rodriguez received a bond hearing pursuant to *Franco-Gonzalez v. Holder*, No. CV 10-2211 DMG, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013).[1] Dkts. 11-6 at 4-5 & 11-7 at 2. The IJ denied bond, finding that DHS met its burden of demonstrating by clear and convincing evidence that Mr. Soto-Rodriguez posed a danger to the community and a flight risk. Dkt. 11-7 at 2-15, 17. Mr. Soto-Rodriguez did not appeal this bond determination to the BIA. *See* Dkt. 11-9 at 29.

On April 28, 2014, the BIA dismissed Mr. Soto-Rodriguez's appeal of his removal order.

---

[1] In *Franco-Gonzalez*, the court certified a class of aliens ("Sub-Class 2") who were (1) detained by ICE for more than six months and (2) identified by a medical personnel as having a serious mental disorder. Under *Franco-Gonzalez*, Sub-Class 2 aliens are entitled to bond hearings applying the standard of proof set forth under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Although *Franco-Gonzalez* is not binding in this District, ICE has chosen to apply the case to detainees here. *See* Dkt. 10 at 4 n.2.

REPORT AND RECOMMENDATON- 2

1    Dkt. 11-7 at 20-21.  He filed a petition for review with the Ninth Circuit.  *Id.* at 23-25; *Soto-*

2    *Rodriguez v. Lynch*, Case No. 14-71419 (9th Cir. May 19, 2014).

3         On August 27, 2014, Mr. Soto-Rodriguez received a third bond hearing, this time

4    pursuant to *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008).

5    Dkt. 11-9 at 2-24.  The IJ denied bond, again finding that DHS met its burden of demonstrating

6    that Mr. Soto-Rodriguez presented a danger to the community and a significant flight risk.  *Id.* at

7    26, 29-33.  He did not appeal this determination to the BIA.

8         Mr. Soto-Rodriguez initiated the instant action in January 2015.  Dkt. 1.  On April 14,

9    2015, the Ninth Circuit granted his petition for review of his removal order and remanded to the

10    BIA for further proceedings.  Dkt. 13 at 1 n.1; *Soto-Rodriguez*, Case No. 14-71419, Dkt. 46 (9th

11    Cir. Apr. 14, 2015).  On April 23, 2015, he was released from immigration detention on an order

12    of supervision.  Dkts. 14 & 15.

13                                                   **DISCUSSION**

14         Mr. Soto-Rodriguez seeks two forms of habeas relief:  supervised release from

15    immigration detention or a bond hearing.  Dkt. 8 at 2.  Given that he has been released on

16    supervision, his request for supervised release is moot.  *See, e.g.*, *Abdala v. I.N.S.*, 488 F.3d

17    1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provide the requested relief).

18    Release on supervision, however, does not necessarily render his request for a bond hearing

19    moot.  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010) (petitioner's claim was

20    not moot despite his release).  Nevertheless, Mr. Soto-Rodriguez has already received three bond

21    hearings, the most recent of which was conducted pursuant to *Casas-Castrillon*.  He did not

22    appeal the denial of bond to the BIA, *see Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir.

23    2011) (petitioner challenging the denial of bond after a *Casas* hearing must appeal to the BIA

REPORT AND RECOMMENDATON- 3

before seeking habeas relief), nor does he identify any constitutional or legal error in the hearings he received, *see Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (district courts have jurisdiction to review *Casas* hearing determinations for constitutional claims and legal error). As such, he is not entitled to yet another bond hearing.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends **GRANTING** respondent's motion to dismiss, Dkt. 10, **DENYING** Mr. Soto-Rodriguez's habeas petition, Dkt. 8, and **DISMISSING** this action. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **May 19, 2015.** The Clerk should note the matter for **May 22, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 4